RUDY Y. KIM (SB# 199426)
rudykim@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California  94304-1106
Tel:  (650) 320-1800
Fax:  (650) 320-1900

MICHAEL F. MURRAY (*pro hac vice*)
michaelmurray@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, DC 20036
Tel: (202) 551-1700
Fax: (202) 551-0460

*Attorneys for Plaintiff Realtek Semiconductor Corp.*

Additional Counsel on Signature Page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALTEK SEMICONDUCTOR CORP., <br><br> Plaintiff, <br><br> vs. <br><br> MEDIATEK INC.; IPVALUE MANAGEMENT, INC.; AND FUTURE LINK SYSTEMS, LLC, <br><br> Defendants. | Case No. 5:23-cv-02774-PCP <br><br> **PLAINTIFF REALTEK SEMICONDUCTOR CORP.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** <br><br> Judge:  Honorable P. Casey Pitts |

In accordance with Civil Local Rules 7-11 and 79-5(f), and the Court's Standing Order for Civil Cases, Plaintiff Realtek Semiconductor Corp. ("Realtek") submits this Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed.  These materials include portions of Realtek's Opposition to Defendants Future Link Systems, LLC ("Future Link") and IPValue Management, Inc.'s ("IPValue") (together, "PAE Defendants") Motion to Dismiss and Strike that PAE Defendants have sought to seal in their Administrative Motion to File Under Seal filed on September 1, 2023 (Dkt. No. 50) and corrected version filed on September 7, 2023  (Dkt. No. 57).  Particularly, PAE Defendants have sought to seal the secret "bounty" agreement that is the core of Realtek's claims against PAE Defendants, *i.e.*, that MediaTek paid Future Link, a wholly-owned subsidiary of IPValue, to file patent infringement actions without regard to the merits in order to harm Realtek and destroy competition in the market for TV chips.  Notably, Realtek filed an Opposition to PAE Defendants' sealing motion on September 5, 2023 (*see* Dkt. No. 55) explaining why such materials should not be sealed, but is filing this Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed while the issue is still pending.

| **Document** | **Portions For Which Sealing is Sought** | **Reason for Seeking Sealing** |
|---|---|---|
| Realtek's Opposition to Defendants Future Link Systems, LLC and IPValue Management, Inc.'s Motion to Dismiss and Strike | Highlighted portions on pages 1:7, 12-16, 18-20, 22-23; 4, 12-13, 22; 3:11-13; 4:24-26; 5:11-12, 19-20; 7:20, 25; 10:20-21; 11:20-21; 12: 20, 25; 13: 24-25, 27-28; 16:16-17; 4; 18: 3-4, 8-12; 19:15-16; 20:4-5; 22:16-17; 23:8; 25:6 | Includes information that other parties (Future Link Systems, LLC and IPValue Management, Inc.) have sought to seal in their pending Motion to File Under Seal. (Dkt. No. 50, corrected in Dkt. No. 57.) |

1.   **LEGAL STANDARD**

PAE Defendants' Motion to Dismiss and Strike is a dispositive motion.  Therefore, the "compelling reasons" standard applies to this sealing request. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  There is a "strong presumption in favor of [public] access," except for a "narrow range" of court documents "traditionally kept secret." *Id.* at 1178.  PAE Defendants bear the burden of overcoming this "strong presumption," and can do

so only by "articulat[ing] compelling reasons supported by factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (internal quotations omitted); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) ("broad, conclusory allegations of potential harm" will not suffice); Judge P. Casey Pitts' Standing Order for Civil Cases, § VII.G ("The filing party must make a specific showing explaining why each document that it seeks to seal may justifiably be sealed and why the proposed redactions are as narrowly tailored as possible, rather than making a blanket statement about the grounds for sealing."). Harm to a litigant's "competitive standing" may be a compelling reason to prevent disclosure. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). But "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. Even when a compelling reason is articulated, the court must still "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety*, 809 F.3d at 1097 (cleaned up).

**2.    ARGUMENT**

As set forth in Realtek's Opposition (Dkt. No. 55) to PAE Defendants' Administrative Motion to File Under Seal (Dkt. No. 50, corrected in Dkt. No. 57), Realtek does not believe the information identified in this motion merits sealing. Nonetheless, while PAE Defendants' sealing motion is pending, Realtek is maintaining confidentiality of the bounty agreement by filing this Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed pursuant to Local Rule 79-5(f). PAE Defendants, as the parties that seeks to seal the bounty, bear the burden of establishing that this information should be maintained under seal pursuant to Civil Local Rule 79-5(c).

That being said, Realtek believes that there are no reasons, let alone compelling reasons, for the bounty to be sealed. Upon being made aware of the secret bounty, multiple courts have expressed alarm and disapproval, calling the scheme "improper" and stating that it "should be discouraged as a matter of public policy." In their Administrative Motion to File Under Seal,

PAE Defendants recite generalized and conclusory allegations of potential harm from the unsealing of typical license agreements where there is little to no public interest in that information. This falls far short of this Court's standard. And unless PAE Defendants are suggesting that they continue to deploy similar schemes in ongoing or future business dealings, the bounty cannot benefit from the forward-looking protections afforded to trade secrets or other competitively sensitive information. To the extent PAE Defendants could establish a reason for the bounty to be sealed, the public interest overwhelmingly outweighs any of PAE Defendants' interests, as disclosure of the bounty is essential for the public to understand this case. If PAE Defendants believe they have done no wrong in agreeing to this bounty, they should permit the public to have access to the bounty and have confidence in the outcome of this case. The Court should therefore deny PAE Defendants' sealing motion. Realtek's reasons for unsealing the bounty are set forth in further detail in its Opposition to PAE Defendants' Administrative Motion to File Under Seal, filed on September 5, 2023 (Dkt. No. 55).

### 3.  CONCLUSION

Although Realtek opposes any attempt to seal the bounty agreement, it is maintaining the confidentiality of this information and is filing this Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed while the issue is pending.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: September 28, 2023 | Respectfully submitted, |
| 3 | | By: _/s/ Rudy Y. Kim_ |

*Attorneys for Plaintiff Realtek Semiconductor Corp.*

RUDY Y. KIM (SB# 199426)
rudykim@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Tel: (650) 320-1800
Fax: (650) 320-1900

MICHAEL F. MURRAY *(pro hac vice)*
michaelmurray@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, DC 20036
Tel: (202) 551-1700
Fax: (202) 551-0460

NOAH B. PINEGAR *(pro hac vice)*
noahpinegar@paulhastings.com
ERIC W. LIN *(pro hac vice)*
ericlin@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 318-6000
Fax: (212) 319-4090

ABIGAIL H. WALD (SB# 309110)
abigailwald@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, CA 94111
Tel: (415) 856-7000
Fax: (415) 856-7100