1  KEVIN P.B. JOHNSON, SBN 177129
   kevinjohnson@quinnemanuel.com
2  Quinn Emanuel Urquhart & Sullivan, LLP
   555 Twin Dolphin Drive, 5th Floor
3  Redwood Shores, CA 94065
   Telephone: (650) 801-5000
4  Facsimile: (650) 801-5100

5  SEAN S. PAK, SBN 219032
   seanpak@quinnemanuel.com
6  ADAM B. WOLFSON, SBN 262125
   adamwolfson@quinnemanuel.com
7  Quinn Emanuel Urquhart & Sullivan, LLP
   50 California Street, 22nd Floor
8  San Francisco, CA 94111
   Telephone: (415) 875-6600
9  Facsimile: (415) 875-6700

10 KEVIN HARDY (*pro hac vice*)
   D.C. Bar No. 473941
11 QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
12 1300 I Street, N.W., Suite 900
   Washington, DC 20005
13 Tel: 202.538.8000
   Fax: 202.538.8100
14 kevinhardy@quinnemanuel.com

*Attorneys for Defendant MediaTek Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| REALTEK SEMICONDUCTOR CORP., <br><br> Plaintiff, <br><br> v. <br><br> MEDIATEK INC.; IP VALUE MANAGEMENT INC.; and FUTURE LINK SYSTEMS, LLC., <br><br> Defendants. | Case No. 5:23-cv-02774-PCP <br><br> **MEDIATEK INC.'S MOTION TO STAY DISCOVERY PENDING MOTON TO DISMISS** <br><br> Judge: Hon. P. Casey Pitts <br> Date Filed: June 6, 2023 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE THAT on December 21, at 10:00 a.m., or as soon as the matter may be heard, before the Honorable P. Casey Pitts of the United States District Court, Northern District of California at Courtroom 8 – 4th Floor, 280 South 1st Street, San Jose, California, Defendant MediaTek Inc. will and hereby does move to stay discovery pending the resolution of its motion to dismiss under Federal Rule of Civil Procedure 26(c) and the Court's inherent case management authority. The motion is based upon this notice of motion, the supporting memorandum of points and authorities, the declaration of Kevin Hardy and attached exhibits, and such evidence as may be requested or permitted by the Court.

Dated: October 25, 2023

By: */s/ Kevin Hardy*
KEVIN P.B. JOHNSON, SBN 177129
kevinjohnson@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

SEAN S. PAK, SBN 219032
seanpak@quinnemanuel.com
ADAM B. WOLFSON, SBN 262125
adamwolfson@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

KEVIN HARDY (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street, N.W., Suite 900
Washington, DC 20005
Tel: 202.538.8000
Fax: 202.538.8100
kevinhardy@quinnemanuel.com

*Attorneys for Defendant MediaTek Inc.*

| | |
|---|---|
| 1 | **INTRODUCTION** |
| 2 | This case has no reason to move forward until the Court resolves the substantial bases for |
| 3 | dismissal raised in the pending motions to dismiss.  Dkt. Nos. 48, 51.  As explained in that motion, |
| 4 | Plaintiff Realtek Semiconductor Corp.'s ("Realtek") case against Defendant MediaTek Inc. |
| 5 | ("MediaTek") is not only deficient on the merits—Realtek fails to allege even basic claim elements, |
| 6 | like antitrust injury and interference with business relationships—but also seeks to burden First |
| 7 | Amendment-protected activity.  Through these deficient claims, Realtek already seeks sweeping |
| 8 | discovery into virtually every aspect of MediaTek's relationship with its customers and competition |
| 9 | in the alleged TV chip market.  This discovery is not only extraordinarily burdensome, but it also |
| 10 | raises obvious commercial sensitivity:  MediaTek and Realtek compete for the same customers and |
| 11 | exposure of this information cannot be undertaken lightly. |
| 12 | But there is no reason to undertake this costly endeavor until the Court ascertains that |
| 13 | Realtek's claims have merit—which they do not.  The purpose of Rule 12(b)(6) is to "enable |
| 14 | defendants to challenge the legal sufficiency of complaints without subjecting themselves to |
| 15 | discovery," and the rule is nowhere more important than in antitrust cases, where the Ninth Circuit |
| 16 | has recognized discovery costs to be "prohibitive."  *See Rutman Wine Co. v. E. & J. Gallo Winery*, |
| 17 | 829 F.2d 729, 738 (9th Cir. 1987).  MediaTek's motion to dismiss would dispose of all claims and |
| 18 | can be resolved without any discovery because it raises pure questions of law based on complaint |
| 19 | allegations.  The balance of equities and efficient administration of justice thus strongly favor a stay: |
| 20 | it would substantially simplify the issues and prevent wasted resources, while creating no prejudice |
| 21 | for Realtek from mere short delay.  Accordingly, MediaTek respectfully requests a stay on discovery |
| 22 | until the Court resolves its motion to dismiss. |
| 23 | **FACTUAL BACKGROUND** |
| 24 | **A.     Procedural History** |
| 25 | On June 6, 2023, Realtek filed its Complaint against MediaTek, Future Link Systems LLC |
| 26 | ("Future Link"), and IPValue Management Inc. ("IP Value").  Dkt. No. 1 ("Compl.").  Realtek |
| 27 | alleges that MediaTek and Future Link entered into a license agreement that "motivated" Future |
| 28 | Link to file patent infringement suits against Realtek.  *Id.* ¶ 87.  Realtek raises four legal claims: (1) |

an antitrust claim based conspiracy to monopolize under section 2 of the Sherman Act, (2) an antitrust claim based on attempted monopolization under section 2 of the Sherman Act, (3) a violation of the California Unfair Competition Law ("UCL"), and (4) common law tortious interference with prospective economic advantage. *Id*. ¶¶ 72-97.

On September 1, 2023, MediaTek filed its motion to dismiss. Dkt. No. 48 ("Mot."). MediaTek's motion raises five grounds for dismissal: (1) all of Realtek's claims are barred by the First Amendment under the *Noerr-Pennington* doctrine that protects petitioning the courts, (2) Realtek fails to allege an antitrust injury based on harm to ***consumers*** and ***competition***—it alleges only harm to a competitor—which is the most foundational aspect of an antitrust claim, (3) Realtek fails to allege any reasonable inference of monopolization, despite bringing "conspiracy" and "attempt" to monopolize claims, (4) the UCL claim fails with the antitrust claims, and (5) the tortious interference claim, in addition to being legally barred and insufficiently alleged, fails because nothing "independently wrongful" occurred (e.g., no antitrust violation). *Id*. at 5-25. The first, second, and fifth defenses raise pure questions of law: even if Realtek could allege additional facts, it cannot overcome the binding precedent cited in MediaTek's motion to dismiss finding its legal theories insufficient as a matter of law.

Briefing on MediaTek's motion to dismiss closed on October 12, 2023, and the Court set a hearing for November 28, 2023. Dkt. Nos. 69, 71.

### B. Realtek's Discovery Requests

On October 9, 2023, Realtek served its First Set of Requests for the Production of Documents to MediaTek. Hardy Decl. Ex. A. The requests make sweeping document demands into MediaTek's customers and business strategy, including commercially sensitive aspects of MediaTek's TV chip business. For example, the requests include:

> **REQUEST FOR PRODUCTION NO. 9:** All DOCUMENTS and COMMUNICATIONS CONCERNING efforts to sell TV CHIPS, including marketing materials, training of salespersons, analysis of sales opportunities, sales projections, market share analyses or reports, or business strategy RELATED TO TV CHIPS.

> **REQUEST FOR PRODUCTION NO. 10:** All DOCUMENTS and COMMUNICATION CONCERNING REALTEK's current, former, or prospective customer relationships,

including ANY studies, surveys, analyses, reports, and discussions concerning those customers.

**REQUEST FOR PRODUCTION NO. 11:** All DOCUMENTS and COMMUNICATION concerning YOUR relationships with current, former, or prospective customers of YOUR TV CHIPS, including studies, surveys, analyses, reports, and discussions concerning those customers.

**REQUEST FOR PRODUCTION NO. 12:** All DOCUMENTS and COMMUNICATIONS concerning or otherwise identifying current, former, or prospective customers of REALTEK who became customers of MEDIATEK or who, based on YOUR knowledge, considered becoming customers of MEDIATEK.

**REQUEST FOR PRODUCTION NO. 13:** All DOCUMENTS and COMMUNICATIONS CONCERNING, for each of CHIPS for use in smart TVs, CHIPS for use in other smart displays such as smart monitors, and CHIPS for use in set-top boxes, respectively: market research; studies, reports or analysis regarding competition, competitors, or market share(s).

**REQUEST FOR PRODUCTION NO. 16:** All DOCUMENTS and COMMUNICATION concerning actual or potential competition faced by MEDIATEK from companies that design TV CHIPS, including analysis or assessments of other companies, competitive intelligence tracking, and RELATED internal reporting.

*Id.* at 10-11. In other words, Realtek seeks discovery into MediaTek's business strategy, communications with its customers, and strategy against competitors—including Realtek.

On October 16, 2023, Realtek served its First Set of Interrogatories to MediaTek, seeking similarly sensitive information. For example, the interrogatories include:

**INTERROGATORY NO. 4** Identify all companies that compete or competed with YOU in the design of TV CHIPS.

**INTERROGATORY NO. 5:** Identify by company name all of YOUR TV CHIPS customers and those you have considered potential or target TV CHIP customers.

Hardy Decl. Ex. B at 7. Absent an order from the Court, MediaTek's discovery responses are currently due on November 6 and 13, 2023. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).

## **LEGAL STANDARD**

This Court has broad discretion to stay discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Ninth Circuit has not provided a clear standard for district courts to apply when determining whether it is appropriate to stay discovery pending the outcome of a potentially

1  dispositive motion." *Quezambra v. United Domestic Workers of Am. AFSCME Loc. 3930*, 2019
2  WL 8108745, at *2 (C.D. Cal. Nov. 14, 2019). However, courts in this district have applied a two-
3  part test that finds a stay appropriate when (1) a motion to dismiss is potentially dispositive of the
4  entire case and (2) the motion can be decided absent additional discovery. *Reveal Chat Holdco,*
5  *LLC v. Facebook, Inc.*, 2020 WL 2843369, at *2 (N.D. Cal. Apr. 10, 2020) (collecting cases).

In addition, Federal Rule of Civil Procedure 26(c) permits a court to stay discovery upon a showing of "good cause." *Bhatia v. Office of U.S. Att'y, N.D. Cal.*, 2010 WL 11714069, at *4 (N.D. Cal. Dec. 17, 2010). Last, a court has inherent power to stay proceedings after considering (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). As explained below, a stay of discovery is warranted under each of these tests.

## ARGUMENT

### A. The Two-Part Test Supports Staying Discovery

A stay of discovery is warranted under the two-part test used by courts in this district. *See Reveal Chat Holdco*, 2020 WL 2843369, at *2. Under the first step, MediaTek's motion to dismiss is potentially dispositive of the entire case. *Id.* MediaTek's motion raises immunity defenses under the *Noerr-Pennington* doctrine that, if affirmed, would bar all of Realtek's claims because they burden First Amendment-protected activity. Mot. at 5-6. Immunity is a "common situation" where courts stay discovery pending resolution of a motion to dismiss. *See Calvary Chapel San Jose v. Cody*, 2021 WL 5353883, at *1 (N.D. Cal. Nov. 12, 2021); *see also Bhatia*, 2010 WL 11714069, at *4 (staying discovery where "analogous" policies of immunity are raised). MediaTek's motion also explains that Realtek has not plead an ***antitrust*** claim—which is based on harm to competition and consumers, not competitors—and none of its claims survive that failure. Mot. at 14-18, 24.

At this stage, the Court need not consider the merits of these arguments: because MediaTek's motion is "*potentially* dispositive of the entire case," the first step of the two-part test is satisfied. *Heck v. Amazon.com, Inc.*, 2022 WL 16579372, at *2 (N.D. Cal. Nov. 1, 2022); *see*

*Reveal Chat Holdco*, 2020 WL 2843369, at *2 (finding the motion is potentially dispositive notwithstanding plaintiffs' "attempt to grapple with the merits" of the motion to dismiss); *Hamilton v. Rhoads*, 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011) (finding the first step satisfied where a motion to dismiss, "if meritorious, is potentially dispositive of the case"); *In re Nexus 6p Products Liability Litig.*, 2017 WL 3581188, at *8 (N.D. Cal. Aug. 18, 2017) (granting stay where motion to dismiss could dispose of the entire case); *Arcell v. Google LLC*, 2022 WL 16557600, at *1 (N.D. Cal. Oct. 31, 2022) (staying discovery where defendants raise "numerous significant challenges").

Under the second step, MediaTek's motion to dismiss can be decided without additional discovery. MediaTek moves on the basis of Complaint allegations and facts subject to judicial notice (judicial records), which does not require (or allow) evidentiary disputes. The second step is thus satisfied. *See Reveal Chat Holdco*, 2020 WL 2843369, at *2 (finding the second step satisfied because the motion to dismiss "is based solely on the allegations in the Complaint"); *Arcell*, 2022 WL 16557600, at *1 (same). Accordingly, the two-step test used by districts courts in these circumstances favors staying on discovery.

### B. Good Cause Exists To Stay Discovery

Good cause to stay discovery exists: the burden and commercial risk from Realtek's sweeping discovery requests is not warranted at this stage. *See* Arthur R. Miller & Charles A. Wright, *Federal Practice & Procedure*, § 2036 (Apr. 2023) (explaining that Rule 26(c) balances burdens on the parties against the need for discovery; "even very slight inconvenience may be unreasonable if there is no occasion for the inquiry and it cannot benefit the party making it"); *see also Serrano v. Cintas Corp.*, 699 F.3d 884, 902 (6th Cir. 2012) (balancing burden on the party providing discovery against "the need for access to information" under Rule 26(c)).

The Supreme Court has emphasized that antitrust complaints must be carefully scrutinized at the pleading stage because discovery in antitrust cases is so costly. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "[I]t is one thing to be cautious before dismissing an antitrust complaint in advance of discovery, but quite another to forget that proceeding to antitrust discovery can be expensive." *Id.* Thus, the Court raised the pleading standard in *Twombly* to "avoid the potentially enormous expense of discovery in cases with no 'reasonable founded hope that the [discovery]

process will reveal relevant evidence." *Id*. at 559. The Ninth Circuit has likewise long held that staying discovery "especially makes sense" in antitrust cases "because the costs of discovery in such actions are prohibitive." *Rutman Wine*, 829 F.2d at 738. If an antitrust complaint fails to state a viable claim, "requiring costly and time consuming discovery and trial work would represent an abdication of our judicial responsibility." *Id.*

Accordingly, courts in this circuit routinely grant motions to stay discovery pending a motion to dismiss in antitrust cases. *See, e.g.*, *Reveal Chat Holdco*, 2020 WL 2843369; *Arcell*, 2022 WL 16557600, at *1; *Crowder v. LinkedIn Corp.*, 2023 WL 2405335, at *8 (N.D. Cal. Mar. 8, 2023); *In re Google Digital Adv. Antitrust Litig.*, 2020 WL 7227159, at *2 (N.D. Cal. Dec. 8, 2020); *Top Rank, Inc. v. Haymon*, 2015 WL 9952887, at *3 (C.D. Cal. Sept. 17, 2015); *Cellwitch, Inc. v. Tile, Inc.*, 2019 WL 5394848, at *2 (N.D. Cal. Oct. 22, 2019); *In re Graphics Proc. Units Antitrust Litig.*, 2007 WL 2127577, at *5-6 (N.D. Cal. July 24, 2007); *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007); *see also In re Cal. Bail Bond Antitrust Litig.*, 2020 WL 3041316, at *3 (N.D. Cal. Apr. 13, 2020) (noting stay of discovery in antitrust case).

And the good cause to stay does not stem from expense alone. Realtek's sweeping discovery seeks information into virtually every aspect of MediaTek's confidential strategy and customer relationships. *See* Hardy Decl. Exs. A, B. In addition to sheer scope, Realtek demands that MediaTek reveal its competitive strategy to a competitor—which carries obvious commercial risks. *See Bohannon v. Facebook, Inc.*, 2014 WL 5598222, at *4 (N.D. Cal. Nov. 3, 2013) (finding good cause where disclosure of information would "provide [defendant's] competitors with valuable proprietary information").[1] Nor are MediaTek's interests the only ones involved: the discovery at issue would burden MediaTek's customers by requiring MediaTek to disclose confidential communications—such as customer statements about their reasons for preferring MediaTek's products. Good cause exists to prevent these risks until the scope of the surviving case (if any) is known. *See Gallion v. Charter Commn's Inc.*, 287 F. Supp. 3d 920, 933 (C.D. Cal. 2018) (finding good cause in "the burden of proceeding with this litigation potentially unnecessarily").

---

[1] The "good cause" standards for staying discovery, sealing, and granting a protective order are identical. *See Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

Last, proceeding with discovery would also burden First Amendment rights. Although *Noerr-Pennington* protects parties from liability, rather than trial, the Supreme Court has recognized that collateral effects of litigation, such as "reputational harm," can burden First Amendment-protected activity. *See BE&K Const. Co. v. N.L.R.B.*, 536 U.S. 516, 529 (2002). Indeed, the law "overprotects" petitioning conduct "to ensure citizens may enjoy the right of access to the courts without fear of prosecution" by barring litigation over "reasonably based" suits without discovery into subjective motive. *Sosa v. DIRECTV, Inc.*, 437 F.3d 923 (9th Cir. 2006). Otherwise, a party could "punish" petitioning activity through crushing discovery, constrained only by the speed at which courts can weed out deficient claims. *See Tech Corp. v. Sundstrand Corp.*, 673 F.2d 1171, 1177, n.8 (10th Cir. 1982) (noting that "[w]hen the discovery burdens of antitrust cases are combined with the threat of treble damages, the prospect of defending an antitrust action can become a most potent weapon to deter the exercise of first amendment rights."). Good cause to stay discovery pending resolution of the motion to dismiss exists.

### C. The Balance of Equities and Orderly Course of Justice Favor a Stay

Last, a stay on discovery is warranted under equitable considerations that weigh potential harms to the parties and "the orderly course of justice." *CMAX*, 300 F.2d at 268. Under this standard, courts routinely grant stays where ***other proceedings*** could "simplif[y]" the issues and avoid wasting resources. *See, e.g.*, *Silver v. Tobias & Assoc. Inc.*, 2021 WL 11670037, at *6 (N.D. Cal. Mar. 26, 2021) (granting stay that "could simplify the issues and prevent the parties and the Court from wasting resources"); *Aleisa v. Square, Inc.*, 493 F. Supp. 3d 806, 816 (N.D. Cal. 2020) (staying case because "[i]n the absence of a stay, the parties will have to expend time and money conducting discovery on an issue central to Defendant's liability while lacking a clear idea of the law that will ultimately apply"); *Capella Photonics, Inc. v. Cisco Sys., Inc.*, 2015 WL 1006582, at *2 (N.D. Cal. Mar. 6, 2015) (granting stay because "the scope of this case may be narrowed and further proceedings will be streamlined" or "even obviated entirely"); *Gallion v. Charter Commn's Inc.*, 287 F. Supp. 3d 920, 932 (C.D. Cal. 2018) (granting stay where resolution of a legal issue "will significantly impact . . . potential liability" and "at least define the scope of discovery").

Here, the Court's decision on the motion to dismiss would simplify the issues and narrow

the scope of discovery. As explained above, the parties disagree on the law. Even if the Court does not wholly dismiss the case, its ruling will resolve the parties' legal disputes and determine the scope of the case that can move forward. By contrast, failing to stay discovery would require MediaTek to bring discovery disputes to the Court before the scope of relevance is known. That is inconsistent with the "orderly course of justice" and efficient use of judicial resources. *See Yiren Huang v. Futurewei Techs., Inc.*, 2018 WL 1993503, at *4 (N.D. Cal. Apr. 27, 2018) (granting stay pending resolution of a motion to dismiss that "may narrow the issues and benefit both parties"); *Reveal Chat Holdco*, 2020 WL 2843369, at *4 (granting a stay that "allows all parties to commence discovery with a better understanding of which claims, if any, they must answer"); *see also Little*, 863 F.2d at 685 (upholding stay that "furthers the goal of efficiency for the court and litigants").

The balance of harms also favors a stay. As explained above, MediaTek faces substantial burden from the scope, expense, and commercial sensitivity of Realtek's discovery requests. By contrast, Realtek faces little to no prejudice from a limited stay until the Court rules on the motion to dismiss. No scheduling order has been issued, and if the case is allowed to proceed, Realtek will have ample time to conduct discovery. *See Reveal Chat Holdco*, 2020 WL 2843369, at *4 (finding no prejudice from a "limited stay" where trial is set for "over two years from now"); *Jacksonville Police Off. & Fire Fighters Health Ins. Trust v. Gilead Sci., Inc.*, 2022 WL 17418970, at *2 (N.D. Cal. Dec. 5, 2022) (finding no prejudice because "[t]he Court has not yet entered a scheduling order" and plaintiff "will not suffer harm" because the court will issue a ruling "in a timely manner"); *Haymon*, 2015 WL 9952887, at *3 (noting that prejudice from a short stay is "extremely limited" because "the Court will promptly rule" on the motions to dismiss)).

Accordingly, the balance of equities and efficient administration of justice favor staying discovery until the resolution of the motion to dismiss.

## **CONCLUSION**

For the foregoing reasons, MediaTek respectfully requests a stay on discovery until the Court resolves MediaTek's motion to dismiss.

| | | |
|---|---|---|
| Dated: October 25, 2023 | By: | */s/ Kevin Hardy* |

                                                          KEVIN P.B. JOHNSON, SBN 177129
kevinjohnson@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

SEAN S. PAK, SBN 219032
seanpak@quinnemanuel.com
ADAM B. WOLFSON, SBN 262125
adamwolfson@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

KEVIN HARDY (*pro hac vice*)
D.C. Bar No. 473941
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street, N.W., Suite 900
Washington, DC 20005
Tel: 202.538.8000
Fax: 202.538.8100
kevinhardy@quinnemanuel.com

*Attorneys for Defendant MediaTek Inc.*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

Pursuant to Civil Local Rule 5-1(i)(3) of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.

Executed on October 25, 2023.

/s/ Kevin Hardy

Kevin Hardy