UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALTEK SEMICONDUCTOR CORP.,<br><br>Plaintiff,<br><br>v.<br><br>MEDIATEK, INC., et al.,<br><br>Defendants. | Case No. 23-cv-02774-PCP (SVK)<br><br>**DISCOVERY ORDER IN RE DKT. 294, 295, 296**<br><br>Re: Dkt. Nos. 294, 295, 296 |

    Before the Court are three Joint Discovery Submissions. The Court has reviewed the submissions, the relevant law and the litigation history in this action and determines that these disputes may be resolved without oral argument. Civ. L.R. 7-1(b). The Court's orders are as set forth below and in the attached charts.

    First, the Parties are to read Court's admonitions and directives set forth below and in the attached charts with care. All Parties in this action must do better going forward in resolving disputes through robust meet and confer efforts **conducted by counsel with full authority to negotiate and compromise**. Second, as set forth in the undersigned's standing order, the Court does not consider exhibits, *i.e.*, meet and confer correspondence, which it has not requested. Plaintiff's proffered interpretation of the Court's own order on this point is soundly rejected. Dkt. 295 at 4. Further to this point, oblique references to citations contained in lengthy, unsolicited correspondence in support of a request or response demonstrates a grave misunderstanding of the objective of this Court's standing order, the primary objective of which is to *facilitate the Court's evaluation* of the dispute in an efficient and timely manner.

    The Court's rulings as to Dkt. 294 are set forth in Attachment 1. The Court's rulings as to Dkt. 295 are set forth in Attachment 2. To the extent ordered, supplemental responses are to be served and rolling productions commenced **no later than January 12, 2026**.

With regards to the dispute at Dkt. 296 regarding the misdirected emails from Defendants IPV and Future Link to RealTek, the content and controversy are clear from the Joint Submission, and the Court declines the invitation for *in-camera* review. The emails, as described by both sides, reflect attorney opinion and mental impressions and were promptly and appropriately clawed back by Defendants. Regarding RealTek's argument that the emails relate to a pending dispute regarding the scope of discovery (Dkt. 294), such an argument is largely irrelevant to a clawback request and, in any event, that dispute is resolved in the attached orders. RealTek is to promptly destroy the inadvertently disclosed emails in accordance with the governing protocol in this case.

**SO ORDERED.**

Dated: December 22, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge