UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALTEK SEMICONDUCTOR CORP.,<br><br>Plaintiff,<br><br>v.<br><br>MEDIATEK, INC., et al.,<br><br>Defendants. | Case No. 23-cv-02774-PCP<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 275, 276 |

Defendants MediaTek, Inc., IPValue Management Inc., and Future Link Systems, LLC move for summary judgment, arguing that issue preclusion bars certain claims asserted by plaintiff Realtek Semiconductor Corp. in this action. For the reasons below, defendants' motion is denied.[1]

## BACKGROUND

Realtek alleges that defendant MediaTek entered into a patent licensing agreement with defendants IPValue and Future Link (IPValue's wholly owned subsidiary) that included a provision incentivizing the latter two defendants to pursue meritless patent litigation against Realtek, a competitor of MediaTek. On March 7, 2025, the Court denied in part defendants' motion to dismiss certain claims alleged by Realtek under the Sherman Act (15 U.S.C. §§ 1, 2), Lanham Act (15 U.S.C. § 1125(a)), California's unfair competition law (UCL) (Cal. Bus. & Prof. Code §§ 17200 *et seq*.), and for tortious interference. Dkt. 217. The Court concluded that Realtek plausibly alleged that certain litigation by Future Link against Realtek in the U.S. District Court

---

[1] The parties agree that exhibits C, D, F, L, P, Q, and R to defendants' motion, though sealed in the Western District of Texas, may be filed on the public docket. Dkts. 276, 278. Defendants' administrative motion to consider whether another party's materials should be sealed is therefore denied. Dkt. 276. Defendants are ordered to refile the exhibits on the public docket within 14 days.

for the Western District of Texas fell under the sham litigation exception to *Noerr-Pennington* immunity because Realtek had adequately pleaded that two cases pursued by Future Link in the Western District of Texas were objectively baseless.

Defendants now move for early summary judgment on Realtek's Sherman Act, Lanham Act, UCL, and tortious interference claims based on issue preclusion.[2] Dkt. 275 (Mot.). Three proceedings are relevant to defendants' arguments for issue preclusion: two cases litigated in the Western District of Texas and the subsequent appeal from those cases to the Federal Circuit, as well as a proceeding before the International Trade Commission (ITC).

In the first proceeding, Future Link sued Realtek in the Western District of Texas in April 2021 accusing Realtek of infringing its '680 patent. Realtek moved to dismiss the suit for alleged deficiencies in personal jurisdiction, service, and factual support. The Texas court issued a text order indicating that it would grant Realtek's motion to dismiss the suit and that a full written order would follow. Future Link then voluntarily dismissed the case under Federal Rule of Civil Procedure Rule 41(a)(1)(A)(i), telling the court that it was doing so on the basis of a third-party licensing/settlement agreement. Realtek moved for sanctions and fees under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the court's inherent power, and/or for additional discovery.

In the second proceeding, Future Link filed another lawsuit in the Western District of Texas in December 2021 alleging infringement of two other patents (the '439 patent and '614 patent). Future Link again voluntarily dismissed the case on the basis of the third-party licensing/settlement agreement. Realtek moved for fees under 28 U.S.C. § 1927 and the court's inherent power.

In an omnibus order addressing Realtek's sanctions motions in the first and second proceedings, the Texas court denied Realtek's requests for sanctions and fees under Rule 11 and 28 U.S.C. § 1927 and the request for additional discovery. The Texas court granted in part the

---

[2] The parties dispute whether defendants waived their argument for summary judgment on the tortious interference claim by failing to address the claim in their administrative motion for leave to file an additional motion for summary judgment. Because the Court concludes that issue preclusion does not bar any of the claims asserted in this case, it will address the merits of defendants' issue preclusion argument as to that claim rather than deeming it waived.

2

motion for inherent power sanctions and modified Future Link's voluntary dismissals to dismissals with prejudice. Realtek appealed the denial of its motions for sanctions and fees under Rule 11 and 28 U.S.C. § 1927, but the Federal Circuit affirmed the district court's decision.

In the third proceeding, Future Link alleged infringement of the same two patents at issue in the second Western District of Texas lawsuit (the '439 patent and '614 patent) in a complaint filed with the ITC in late December 2021. Future Link subsequently withdrew its complaint and moved to terminate the ITC investigation. Realtek sought sanctions, which the ITC denied. Realtek appealed that denial, but the Federal Circuit dismissed the appeal for lack of jurisdiction.

Defendants argue that the denial of Realtek's motions for sanctions by the Texas court and the ITC preclude Realtek's re-litigation of the "objective baselessness" issue here, and that Realtek therefore cannot establish that the sham litigation exception to *Noerr-Pennington* immunity applies to the Texas lawsuits. Absent the sham litigation exception, defendants contend, they are entitled to *Noerr-Pennington* immunity and should be granted summary judgment as a matter of law on Realtek's Sherman Act, Lanham Act, UCL, and tortious interference claims.

## LEGAL STANDARDS

### I.   Summary Judgment

Courts may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is material if it "might affect the outcome of the suit under the governing law." *Id.*

The moving party bears the initial burden to demonstrate a lack of genuine factual dispute. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). "When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at 325). The burden then shifts to the nonmoving party to "provide affidavits or other sources of evidence that 'set forth specific facts showing that there is a genuine issue for trial.'" *Devereaux*, 263 F.3d at 1076 (quoting Fed. R. Civ. P. 56(e)). Courts "must view

3

the evidence presented through the prism of the substantive evidentiary burden." *Anderson*, 477 U.S. at 254. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

## II. Issue Preclusion

"The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). Issue preclusion, or collateral estoppel, "bars the relitigation of issues actually adjudicated in previous litigation." *Snoqualmie Indian Tribe v. Washington*, 8 F.4th 853, 864 (9th Cir. 2021). Issue preclusion applies when "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Love v. Villacana*, 73 F.4th 751, 754 (9th Cir. 2023). "When deciding the preclusive effect of an earlier decision, courts review the judgment's 'natural reading.'" *Id.* "A final judgment is afforded preclusive effect even if erroneous." *Id.*

"The party contending that an issue has been conclusively litigated and determined in a prior action has the burden of proving that contention." Restatement (Second) of Judgments § 27 cmt. f (A.L.I. 1982) (hereinafter "Restatement"); *Resol. Tr. Corp. v. Keating*, 186 F.3d 1110, 1116 (9th Cir. 1999).

## III. *Noerr-Pennington* Immunity

The *Noerr-Pennington* doctrine "allows private citizens to exercise their First Amendment rights to petition the government without fear of antitrust liability." *Kaiser Found. Health Plan, Inc. v. Abbott Lab'ys, Inc.*, 552 F.3d 1033, 1044 (9th Cir. 2009). Under *Noerr-Pennington*, "those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006). Courts must "construe federal statutes so as to avoid burdening conduct that implicates the protections afforded by the Petition Clause unless the statute clearly provides otherwise." *Id.* A plaintiff's complaint must "contain specific allegations demonstrating that the *Noerr-Pennington* protections do not apply." *Boone v. Redevelopment Agency of City of San Jose*, 841 F.2d 886 (9th Cir. 1988); *Oregon Nat. Res. Council v. Mohla*, 944 F.2d 531, 533 (9th Cir. 1991)

4

(applying a heightened pleading standard to establish an exception to *Noerr-Pennington*).

"Neither the Petition Clause nor the *Noerr-Pennington* doctrine," however, "protects sham petitions, and statutes need not be construed to permit them." *Sosa*, 437 F.3d at 932. This "'sham' exception to *Noerr* encompasses situations in which persons use the governmental *process*—as opposed to the *outcome* of that process—as an anticompetitive weapon." *City of Columbia v. Omni Outdoor Advert., Inc.*, 499 U.S. 365, 380 (1991) (emphasis in original). The sham exception "is limited to situations where the defendant is not seeking official action by a governmental body, so that the activities complained of are 'nothing more' than an attempt to interfere with the business relationships of a competitor." *Franchise Realty Interstate Corp. v. San Francisco Loc. Joint Exec. Bd. of Culinary Workers,* 542 F.2d 1076, 1081 (9th Cir. 1976).

The Ninth Circuit applies a "a strict two-step analysis to assess whether a single action constitutes sham petitioning." *USS-POSCO Indus. v. Contra Costa Cnty. Bldg. & Const. Trades Council, AFL-CIO* ("*POSCO*"), 31 F.3d 800, 810–11 (9th Cir. 1994). "First, the suit must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits; second, the baseless lawsuit must conceal an attempt to interfere directly with the business relationships of a competitor." *Id.* at 810 (quoting *Pro. Real Est. Invs., Inc. v. Columbia Pictures Indus., Inc.* ("*PREI*"), 508 U.S. 49, 60 (1993)).[3] "The two parts of the test operate in succession: Only if the suit is found to be objectively baseless does the court proceed to examine the litigant's subjective intent." *Id.*

## ANALYSIS

### I. The Texas court's Rule 11 decision involved an issue identical to that presented here.

As noted above, the first requirement for issue preclusion is that the same issue have been at stake in both proceedings. "[I]ssues are not identical if the second action involves application of

---

[3] "This inquiry is essentially retrospective: If the suit turns out to have objective merit, the plaintiff can't proceed to inquire into subjective purposes, and the action is perforce not a sham." *POSCO*, 31 F.3d at 811. "On the other hand, when the antitrust defendant has lost the underlying litigation, a court must resist the understandable temptation to engage in post hoc reasoning by concluding that an ultimately unsuccessful action must have been unreasonable or without foundation." *White v. Lee*, 227 F.3d 1214, 1232 (9th Cir. 2000) (quoting *PREI*, 508 U.S. at 60 n.5 (internal quotations omitted)).

a different legal standard, even though the factual setting of both suits may be the same." *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 154 (2015) (citation omitted). But "[m]inor variations in the application of what is in essence the same legal standard do not defeat preclusion." *Id.* (citation omitted).

To determine whether the issues in the prior and current litigation are identical, the Court must determine whether the legal standards for imposing sanctions under § 1927, the ITC standards, and Rule 11 are the same as the test for evaluating objective baselessness for purposes of the sham litigation exception. Under that test, "the lawsuit must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits." *PREI*, 508 U.S. at 60. A suit is not objectively baseless if a party had probable cause to sue. *Id.* at 62–63. "Probable cause to institute civil proceedings requires no more than a reasonable belief that there is a chance that a claim may be held valid upon adjudication." *Id.* (cleaned up).

### A.   28 U.S.C. § 1927

Section 1927 provides that any attorney or other person "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Texas court, relying on Fifth Circuit precedent, explained that sanctions under § 1927 require "clear and convincing evidence[] that every facet of the litigation was patently meritless," "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court," and the "persistent prosecution of a meritless claim." Mot., Ex. C, at 7–8 (citing *Bryant v. Military Department of Mississippi*, 597 F.3d 678, 694 (5th Cir. 2010)). "Section 1927 has a higher threshold for culpability than Rule 11." *Id.* (citing *Bryant*, 597 F.3d at 694).

The legal standard for imposing sanctions under § 1927 is not identical to the objective baselessness standard used in determining whether the sham litigation exception applies. Section 1927 requires additional elements beyond those required for objective baselessness—namely, "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court" as well as "persistent prosecution" of the claim at issue. Bad faith or improper motive, in particular, are not necessary elements, or indeed proper subjects of consideration, in considering the objective

6

prong of the sham litigation exception. Instead, those issues bear only upon the second, subjective prong of the analysis. But here, defendants argue that issue preclusion forecloses re-litigation of only the objective prong.

The standards governing § 1927 and objective baselessness thus do not present identical issues for the purposes of preclusion.

### B.  ITC Sanctions

Although "decisions of the ITC on patent issues" do not have preclusive effect in district courts, *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1569 (Fed. Cir. 1996), some courts have held that non-patent determinations by the ITC are preclusive. *See Mahindra & Mahindra Ltd. v. FCA US LLC*, 503 F. Supp. 3d 542, 549–50 (E.D. Mich. 2020). The Court need not resolve this issue because the standard applied by the ITC when imposing sanctions is not identical to the objective prong of the sham litigation exception.

At the outset, it is not clear from a "plain reading" of the ITC order denying Realtek's motion for sanctions what standard the ITC applied. *See Love*, 73 F.4th at 754; Mot., Ex. L. The ITC order discusses a party's pre-filing investigative duties and the sufficiency of an ITC complaint. Unlike the ITC's standard, the objective baselessness inquiry does not consider a party's pre-filing investigative obligations. And the standard for the sufficiency of an ITC complaint is low. As the ITC's order explained, "Commission Rule 210.12 requires the Complaint to contain a 'showing' of infringement of independent claims 'by appropriate allegations, and when practicable, by [claim] chart[s].' 19 C.F.R. § 210.12(a)(9)(viii). No degree of particularity is specified, and given the availability of discovery once the investigation is instituted, a high degree of particularity would not be 'appropriate.'" Mot., Ex. L, at 2. This standard is lower than, and different from, the standard that applies in considering a lawsuit's objective baselessness.[4]

Therefore, the issues of whether to award sanctions in the ITC proceeding and whether the

---

[4] That the Court found the ITC's order denying sanctions probative as to whether Realtek had plausibly alleged that the ITC proceeding was a sham does not change that the standard the ITC applied in doing so was not identical to the standard for determining whether the two Texas lawsuits were objectively baseless. *See* Dkt. 217, at 17.

7

Texas lawsuits were objectively baseless are not identical.[5]

### C. Rule 11

Federal Rule of Civil Procedure 11 permits a court to impose sanctions on an attorney, law firm, or party who fails to conduct a reasonable pre-suit inquiry, brings a suit for an improper purpose, or raises objectively frivolous claims, defenses, or other legal contentions. Fed. R. Civ. P. 11(b)–(c). The Texas court applied Fifth Circuit caselaw to decide Realtek's Rule 11 motion for sanctions.

> Under Rule 11, by signing, filing, submitting or later advocating the pleading, motion or paper, an attorney represents that "to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, … (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law …." Fed. R. Civ. P. 11(b).
>
> Further, by presenting to the court a written pleading, the attorney certifies that it is not being presented for any improper purpose. Fed. R. Civ. P. 11(b)(1). A court cannot impose sanctions for improper purpose alone unless the claim would not have been pursued "but for" said improper purpose. *F.D.I.C. v. Maxxam*, 523 F.3d 566, 583 (5th Cir. 2008). … If a reasonably clear legal justification can be shown for the filing of the paper in question, no improper purpose can be found and sanctions are inappropriate. *National Ass'n of Gov't Employees, Inc. v. National Federation of Federal Employees*, 844 F.2d 216, 223–24 (5th Cir. 1988).
>
> Rule 11 motions are decided under regional circuit law. *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 873 (Fed. Cir. 2010). In the Fifth Circuit, courts determine whether there was a Rule 11 violation under "an objective, not subjective standard of reasonableness under the circumstances." *Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1367 (Fed. Cir. 2012). "Thus, an attorney violates Rule 11(b)(3) when an objectively reasonable attorney would not believe, based on some actual evidence

---

[5] Even if the issues were identical, issue preclusion might fail on an additional ground. Generally, issue preclusion is unavailable when the party who lost on an issue is precluded from obtaining review "as a matter of law." Restatement § 28 cmt. a. Here, review before the Federal Circuit was unavailable for lack of jurisdiction. *See* Mot., Ex. N. Because the ITC did not address an issue identical to the objective baselessness issue presented here, the Court need not determine whether the availability of review through an APA claim in district court means that Realtek was not in fact precluded from obtaining review as a matter of law.

8

    uncovered during the prefiling investigation, that each claim limitation reads on the accused device." *Antonious v. Spalding & Evenflo Companies, Inc.*, 275 F.3d 1066, 1074 (Fed. Cir. 2002).

Mot., Ex. C, at 6.

  Unlike the two other standards identified by defendants, at least a part of the Rule 11 standard for imposing sanctions is identical to the objective baselessness standard. Objective baselessness is determined by whether a "reasonable litigant could realistically expect success on the merits." *PREI*, 508 U.S. at 60. The Rule 11 inquiry, as applied in the Fifth Circuit and by the Texas court, considers whether an objectively reasonable attorney would believe the claims are not frivolous. *See Maxxam*, 523 F.3d at 581 ("And so long as the merits of their claim, viewed objectively, are supported by a good-faith belief that the allegations are well founded and not frivolous, the subjective motivation for pursuing the claim and the multiple purposes are ordinarily of no moment."). Both the Supreme Court and Ninth Circuit have conflated "frivolousness" with objective baselessness. *See PREI*, 508 U.S. at 65 ("As we have held, PRE could not pierce Columbia's *Noerr* immunity without proof that Columbia's infringement action was objectively baseless or frivolous."); *Liberty Lake Invs., Inc. v. Magnuson*, 12 F.3d 155, 158 (9th Cir. 1993) ("Neither the Washington courts nor the Board intimated that the *West 514* suit was frivolous or objectively baseless."). That there are other bases under Rule 11 to impose sanctions—i.e., a lack of a reasonable pre-suit investigation or the filing of a pleading for an improper purpose—does not change the fact that at least one ground for sanctions under Rule 11 applies the same legal standard used in evaluating objective baselessness. *See B&B*, 575 U.S. at 156 ("Just because the TTAB does not always consider the *same usages* as a district court does, it does not follow that the Board applies a *different standard* to the usages it does consider. … [The party] mistakes a reason not to apply issue preclusion in some or even many cases as a reason never to apply issue preclusion.").

  One possible distinction between Rule 11 and objective baselessness, however, merits examination. Rule 11 sanctions most often focus on the actions of attorneys rather than on the parties they represent. *See, e.g., Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (describing Rule 11 as inquiring into "whether the attorney has abused the judicial process").

9

Objective baselessness does not share this focus on counsel. But Rule 11 sanctions are available against represented parties, even if rarely imposed, because, like attorneys, they have a duty 'to conduct a reasonable inquiry into the facts or law before filing the lawsuit.'" *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 567–68 (5th Cir. 2006) (explaining that "clients may properly be sanctioned" for *factually* groundless allegations but not *legally* frivolous pleadings); Fed. R. Civ. P. 11(c)(1) ("[T]he court may impose an appropriate sanction on any … party that … is responsible for the violation" of Rule 11(b)). Therefore, Rule 11's primary emphasis on attorney conduct does not render its legal standard nonidentical to objective baselessness. Instead, any differences in the application of Rule 11 from the objective prong are better considered under the second element of issue preclusion, which asks whether the "issue was actually litigated and decided."

## II. It is unclear whether the Texas court actually decided the objective baselessness issue or whether Realtek had a full and fair opportunity to litigate that issue.

Although Rule 11 involves the same objective baselessness issue presented in this case, it is not clear that the Texas court "actually decided" that issue in resolving Realtek's Rule 11 motion. The Texas court largely focused on whether FutureLink's counsel "met their Rule 11 obligations by doing a pre-suit investigation" and whether, from this investigation, "counsel reasonably believed that the accused products might infringe." Mot., Ex. C, at 10–12. The Texas court considered the suits more broadly in only a handful of lines, concluding that "FLS did not choose to file a frivolous case. FLS filed a plausible patent infringement case based on what it believed to be an implemented, optional feature of a standard." *Id.* at 12.

It is also unclear whether Realtek had a "full and fair opportunity to litigate the issue" of objective baselessness in the Texas court, which is the third requirement for issue preclusion. "The scope of a Rule 11 hearing is much narrower than a full civil proceeding." *Amwest Mortg. Corp. v. Grady*, 925 F.2d 1162, 1165 (9th Cir. 1991). "Thus, there are legitimate questions as to whether a Rule 11 sanctions order can provide a satisfactory basis for issue preclusion under any circumstances in respect to the merits of a complaint." *Faigin v. Kelly*, 184 F.3d 67, 79 (1st Cir. 1999) (citing Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment ("[T]he court must

10

to the extent possible limit the scope of sanction proceedings to the record. Thus, discovery should be conducted only by leave of the court, and then only in extraordinary circumstances.")); *Cooter*, 496 U.S. at 396 ("[A] Rule 11 sanction does not signify a district court's assessment of the legal merits of the complaint."). Indeed, the parties vigorously dispute whether Future Link's representations to the Texas court about a third-party licensing/settlement agreement were accurate and complete, and whether the Texas court would have reached a different outcome on Realtek's motions for sanctions and fees had a copy of the agreement been presented to the court. *See* Mot., Ex. C, at 12 (referencing the agreement, as represented by Future Link, to reason that a third-party's "non-frivolous settlement payment shows that another serious party believed the case [to] be non-frivolous").

Given that Realtek did not have a full opportunity to provide the Texas court with relevant evidence, particularly with respect to the third-party licensing/settlement agreement, and that the scope of the Texas court's resulting Rule 11 determination is ambiguous, the Court would be inclined to conclude that the "actually litigated and decided" and "full and fair opportunity" requirements for issue preclusion are not satisfied. The Court need not reach a conclusive determination on those points, however, because any claim of issue preclusion arising from that Rule 11 determination fails to satisfy the final requirement that the issue have been necessary to the merits of the final judgments in the Texas lawsuits.

**III.    The Texas court's Rule 11 decision was not necessary to a final judgment on the merits.**

"Issue preclusion attaches only to determinations that were necessary to support the judgment entered in the first action." 18 Wright & Miller Fed. Prac. & Proc. Juris. § 4421 (3d ed.) (hereinafter "Wright & Miller"). "A determination ranks as necessary or essential only when the final outcome hinges on it." *Bobby v. Bies*, 556 U.S. 825, 835 (2009). "The appropriate question, then, is whether the issue was actually recognized by the parties as important and by the trier as necessary to the first judgment." Restatement § 27 cmt. j.

Defendants argue that the Texas court had to decide the issue of objective baselessness to resolve Realtek's Rule 11 motion, and that the issue was therefore necessary to decide the merits

11

of the "final judgment" on that motion. *See Love*, 73 F.4th at 754 (identifying as an element of issue preclusion that the issue must have been "necessary to decide the merits"). The final judgment in the proceedings in the Texas court, however, was not the order on Rule 11 sanctions, but rather the dismissal of the cases—first via voluntary dismissal without prejudice by Future Link under Rule 41(a)(1)(A)(i) and later through the Texas court's sanction modifying the dismissal to a dismissal with prejudice.

For issue preclusion to apply, there must have been a valid, final judgment in the first action. Restatement § 27 cmt. k. Although final judgments for the purposes of issue preclusion, claim preclusion, and appellate review are not identical, the latter two are informative. *See* Restatement § 13 cmt. b ("A general working description of finality in the field of former adjudication will, however, resemble the older, traditional, strict formulation of the concept of finality for appellate review."); *see also id.* at cmt. g ("Usually there is no occasion to interpret finality less strictly when the question is one of issue preclusion."). Traditionally, courts have declined to take interlocutory review of sanctions orders because they are not final decisions. *See Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 203–04 (1999); *Cato v. Fresno City*, 220 F.3d 1073, 1074–75 (9th Cir. 2000). And in defining a final judgment for appealability under Federal Rule of Civil Procedure 54, the Supreme Court has explained that the judgment must be "a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition'" of a claim. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). Rather than disposing of a claim, a Rule 11 sanctions motion is intended "to deter baseless filings" and "streamline the administration and procedure of the federal courts." *Cooter*, 496 U.S. at 393; *cf. Islamic Shura Council of S. California v. F.B.I.*, 757 F.3d 870, 873 (9th Cir. 2014) ("Motions for Rule 11 attorney's fees cannot be served after the district court has decided the merits of the underlying dispute …. This is because once the court has decided the underlying dispute, the motion for fees cannot serve Rule 11's purpose of judicial economy.").

Here, the resolution of Realtek's Rule 11 motion, while final as to the issue of sanctions,

was not necessary to any final judgment in the Texas court.[6] In considering whether courts may impose Rule 11 sanctions after a voluntary dismissal under Rule 41(a)(1), the Supreme Court explained that "the imposition of a Rule 11 sanction is not a judgment on the merits of an action." *Cooter*, 496 U.S. at 396. "Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such a determination may be made after the principal suit has been terminated." *Id. Cooter* makes clear that Rule 11 determinations, though informed by the merits, *see Cato*, 220 F.3d at 1074, are independent from the merits of the final judgment so long as any Rule 11 sanctions do not result in dismissal with prejudice. *See Cooter*, 496 U.S. at 396–97. Specifically, the Supreme Court explained that "[e]ven if a district court indicated that a complaint was not legally tenable or factually well founded for Rule 11 purposes, the resulting Rule 11 sanction would nevertheless not preclude the refiling of a complaint." *Id.*[7]

Although the Texas court sanctioned Future Link by dismissing its claims with prejudice, it did so under its inherent authority, *not* under Rule 11. *See In re Child*, 486 B.R. 168 (B.A.P. 9th Cir. 2013) ("[I]ssue preclusion may be applied to a judgment imposing terminal sanctions."). Ironically, if not for the Texas court's inherent power sanction, defendants' issue preclusion arguments would fail at the outset because a dismissal without prejudice is not an adjudication on the merits. *See* Restatement § 27 cmt. n ("If, however, a judgment of dismissal is wholly without prejudice, then it has no conclusive effect between the parties in a subsequent action on the same or a different claim."); *see also In re Piper Aircraft Distribution Sys. Antitrust Litig.*, 551 F.2d 213, 219–20 (8th Cir. 1977) ("The element of finality, essential to application of collateral

---

[6] The Court need not resolve "[w]hether or not findings made in a Rule 11 proceeding can ever be given collateral estoppel effect as to the merits of a complaint at a subsequent trial." *See Faigin*, 184 F.3d at 79. The Court recognizes, for example, that Rule 11 determinations may carry preclusive effect on later determinations in the bankruptcy context. *See, e.g.*, *In re Powers*, 421 B.R. 326, 336–40 (Bankr. W.D. Tex. 2009).

[7] *Cooter*'s reasoning, as applied to this case, makes sense. The Texas court was prepared to grant Realtek's motion to dismiss. Practically speaking, if the court had intended to do so based on the adequacy of Future Link's factual allegations, its subsequent denial of a motion for Rule 11 sanctions would say little about its view of the merits beyond considering whether Future Link's counsel had abused the judicial process.

13

estoppel, is plainly lacking in a judgment upon a Rule 41(a)(1) dismissal."); Fed. R. Civ. P. 41(a)–(b); Wright & Miller § 4435.

In sum, the Texas court's order on Realtek's motion for Rule 11 sanctions was not necessary to the final judgment *on the merits* in the Texas court lawsuits. Accordingly, issue preclusion does not bar re-litigation of the objective baselessness of that lawsuit in this action.

## CONCLUSION

Defendants' motion for summary judgment is denied. Defendants are ordered to refile exhibits C, D, F, L, P, Q, and R to its motion on the public docket within 14 days.

**IT IS SO ORDERED.**

Dated: February 17, 2026

P. Casey Pitts
United States District Judge