UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALTEK SEMICONDUCTOR CORP., <br><br> Plaintiff, <br><br> v. <br><br> MEDIATEK, INC., et al., <br><br> Defendants. | Case No. 23-cv-02774-PCP (SVK) <br><br> **ORDER RE DISCOVERY DISPUTES; SETTING DISCOVERY HEARING** <br><br> Re: Dkt. Nos. 329, 330, 332 |

Before the Court are three discovery disputes relating to impending depositions. In the interest of time and mindful of the close of discovery, the Court determines that these matters may be resolved without oral argument. Civ. L.R. 7-1(b). The Court addresses all three disputes in this Order and the attachments incorporated herein by reference.

### Dkt. 329 :  Scope of 30(b)(6) deposition of Realtek

The Parties argue over the number and scope of categories for a 30(b)(6) deposition. As to the number, a party cannot cure an overly broad and burdensome 30(b)(6) notice with 138 topics simply by re-organizing into 53 topics with subparts. Fortunately, it appears that the Parties have reached agreement on at least 40 topics, bringing only seven topics to the Court for resolution. Accordingly, the Court turns its attention to the issue of scope.

The Parties debate whether contention 30(b)(6) categories are appropriate. As with many questions arising under the Federal Rules of Civil Procedure, it depends: Deposition categories directed to facts that support claims or defenses may be appropriate; categories directed to legal conclusions or argument are generally improper. However, the appropriateness of any request largely depends upon the facts of a particular case, such as the nature of the dispute and the status of other means of discovery. *In re Soc. Media Adolescent Addiction/Pers. Inj.Prods. Liab. Litig.*,

No. 22-MD-03047-YGR (PHK), 2025 WL 470482 (N.D. Cal. Feb. 12, 2025); *Yahoo!, Inc. v. MyMail, Ltd.*, No. 16-cv-07044-EJD (SVK), 2017 WL 2177519 (N.D. Cal. May 18, 2017).

Here FLS combines categories merely seeking facts with categories directed to legal conclusions which improperly ask the Realtek witness "to make a law-to-fact application." *Howard v. HMK Holdings, LLC*, No. CV175701DMGJPRX, 2018 WL 3642131, at *5 n.8 (C.D. Cal. June 11, 2018), *aff'd*, 988 F.3d 1185 (9th Cir. 2021).  The Court addresses, and where appropriate modifies, the categories in its **ORDER** in Attachment A hereto. To the extent deposition categories are allowed, Realtek will prepare a witness to testify in accordance with its obligations under Rule 30(b)(6).

### Dkt. 330:  Location of Realtek depositions

Defendant FLS has noticed a 30(b)(6) deposition of Plaintiff Realtek and five individual depositions, all to take place in San Jose, where Realtek filed suit.  Realtek objects to bringing its witnesses to California for deposition.  FLS has indicated a willingness to take depositions remotely.  Together the Parties complain about time, expense and scheduling.  **The Court strongly admonishes the Parties for using judicial resources to set depositions.  This dispute could have and should have been resolved by a good faith meet and confer conducted by reasonable counsel to a practical end**.

It is the common practice in this District that Plaintiff-affiliated witnesses are deposed in the forum in which Plaintiff chose to litigate.  *See Fenerjian v. Nong Shim Co.*, No. 13-cv-04115-WHO (DMR), 2016 U.S. Dist. LEXIS 33419 (N.D. Cal. Mar. 15, 2016).  Realtek is the Plaintiff; its argument that it somehow is not responsible for filing this suit is unavailing.  Dkt. 330 at 6. The Court is also mindful that FLS has noticed the depositions of at least five different persons, two of whom Realtek does not intend to call at trial.  *Id*. at 8.  Lastly, Realtek raises a general rule regarding visa requirements for witnesses from China, without identifying any specific impacted witness.  *Id*. at 10.

Accordingly, in light of all of the foregoing, the Court **ORDERS** as follows:  Realtek's 30(b)(6) witness(es) and any of the five individual witnesses it intends to call at trial are to be

United States District Court
Northern District of California

produced for deposition in San Jose, **EXCEPT** that if any witness has a legitimate visa issue, they may be deposed by FLS remotely.  Any noticed witness Realtek does not intend to call live at trial may be deposed remotely.  On the timing of a remote deposition, the Court is again incredulous that the Parties were unable to see their way to a reasonable compromise.  Though timing may not be ideal, neither side has to work through their respective nights.  The depositions can run 4-9 p.m., Pacific Daylight Time, and can be conducted in two sessions if necessary.

In light of this Order, the Parties are to meet and confer – reasonable counsel with full authority to negotiate and compromise – to finalize dates and times of the depositions.  If the Parties are unable to agree, they will appear **in person for a discovery hearing on Tuesday, April 28, 2026, at 10 a.m**.  **Counsel appearing must be counsel who met and conferred and have full authority to resolve the outstanding issues.  Counsel must be prepared to remain at Court for the full business day to meet and confer as directed by the Court**.  If the Parties resolve the remaining conflicts and do not need to appear, they must inform the Court no later than 12 p.m. on April 27, 2026.

### Dkt. 332:  Scope of 30(b)(6) deposition of FLS

The Parties dispute the scope of seven 30(b)(6) categories.  The Court has evaluated the Joint Submission, the relevant litigation history and the guiding law, and the Court's **ORDER** is set forth in Attachment B hereto.

**SO ORDERED.**

Dated: April 21, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

3