UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALTEK SEMICONDUCTOR CORP., | Case No.  23-cv-02774-PCP   (SVK) |
| Plaintiff, | |
| v. | **DISCOVERY ORDER RE DKT. 337** |
| | Re: Dkt. No. 337 |
| MEDIATEK, INC., et al., | |
| Defendants. | |

Before the Court is the Parties' Joint Submission pursuant to which MediaTek seeks to compel Realtek to produce documents related to third party Breakwater Strategy, LLC ("Breakwater"), a public relations firm retained by Realtek to address litigation publicity needs. Dkt. 337.  More particularly, MediaTek seeks Breakwater-related documents that concern the Future Link litigations (which Realtek has characterized as "sham" suits), as well as Breakwater/media related communications more generally.  Dkt. 337, Exhibit A, RFP No. 21; RFP No. 34.  MediaTek also argues that Realtek should be ordered to log any responsive documents for which Realtek is claiming privilege.  *Id*.  From the history of this litigation, including nine discovery disputes over the past six months, the Court is very familiar with the claims and defenses in this action.  In light of that history, the Joint Submission and the relevant law, the Court determines that this matter is most efficiently resolved without oral argument. Civ. L.R. 7-1(b).

MediaTek's request is **DENIED**.  The disputed RFPs are directed to information that is neither relevant to the claims and defenses in this action nor proportional to the needs of the litigation. Fed. R. Civ. Proc. 26(b)(1).  With regards to RFP No. 21, the Court finds MediaTek's argument that Realtek's hiring of Breakwater in 2025 in connection with this antitrust case "undermines any theory of harm" arising out of a disputed press release in 2021 unpersuasive in

United States District Court
Northern District of California

light of the temporal difference between the events.  Dkt. 337 at 7.  The Court's proportionality conclusion is further supported by the fact that Realtek produced agreed-upon "non-privileged documents relating to Future Link's involvement in the Texas Litigations," as well as the fact that pursuant to MediaTek's subpoena, Breakwater has produced approximately two hundred documents that contain "Communications with any news media, press, journalists, or reporter Relating to MediaTek or this Action."  *Id.* at 9; Exhibit A.

RFP No. 34, which seeks all communications with media, writ large, is, in the first instance, overbroad.  Fed. R. Civ. Pro. 34(b)(1).  Realtek's objection in that regard is **SUSTAINED**.  MediaTek's assertion that it is entitled to test whether "Realtek itself worked to shape media coverage" and to explore "Realtek's motives for seeking such publicity—which likely would have been expressed to Breakwater" demonstrate the fatal "fishing expedition" nature of this request.  Dkt. 337 at 8.  The Court does not find MediaTek's plea that "this discovery goes directly to issues of causation, damages, market effect, and the underlying factual basis for Realtek's theories" sufficiently supported, particularly in light of the productions by Realtek and Breakwater identified above.

In sum, in light of the record in this case, the RFPs are not proportional to the claims and defenses in this action.  Fed. R. Civ. Proc. 26(b)(1).

**SO ORDERED.**

Dated: May 4, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California